IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

```
SOUTHERN DISTRICT OF MISSISSIPPI
        F I L E D
       APR 25 2013
     J T NOBLIN, CLERK
BY_____DEPUTY
```

JOESPH MCCARTHY                                                      PLAINTIFF

V.                                       CIVIL ACTION NO. 4:13cv85 DPJ-FKB

SHERIFF TOMMY WADDELL, Individually
and in his Official Capacity as Sheriff of Neshoba
County, Mississippi; NESHOBA COUNTY, MISSISSIPPI;
and JOHN DOES 1-100                                                DEFENDANTS

## COMPLAINT FOR DAMAGES

### JURY TRIAL REQUESTED

COMES NOW, the Plaintiff, Joseph McCarthy (hereinafter, "Plaintiff"), by and through undersigned counsel, and hereby files this, his Complaint for Damages, bringing this cause of action against Sheriff Tommy Waddell of Neshoba County, Mississippi, Neshoba County, Mississippi, and John Does 1-100, and presents the following in support thereof:

### PARTIES

1.  Plaintiff, Joseph McCarty, is an adult resident citizen of Neshoba County, Mississippi. He currently resides at 10400 Rt. 262, Union, Neshoba County, Mississippi 39365.

2.  Defendant, Sheriff Tommy Waddell (hereinafter, "Defendant"), upon information and belief, is an adult resident citizen of Neshoba County, Mississippi, who was, at all times material to this suit for damages, employed by and serving as the Sheriff of the Neshoba County, Mississippi Sheriff's Department. Each of the acts complained of herein arises from the conduct of the Defendant while acting under the color of state law, and was committed within the scope of his employment and authority with the Neshoba County, Mississippi Sheriff's Department. Defendant may be served with process at his place of employment, the Neshoba County, Mississippi, Sheriff's Department, located at 401 East Beacon Street, Suite 108, Philadelphia, Mississippi 39350.

3.      Defendant, Neshoba County, Mississippi, is a political subdivision of the State of Mississippi and may be served with process by and through its Board of Supervisors to Mr. Guy Nowell, Chancery Court Clerk for Neshoba County, Mississippi, at 401 East Beacon Street, Suite 107, Philadelphia, Mississippi 39350.

4.      Defendants, John Does 1-100, are officers, deputies and/or other personnel of the Neshoba County, Mississippi Sheriff's Department and/or Neshoba County, Mississippi, whose identities are unknown at this time.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the 4th, 5th, 8th and 14th Amendments to the United States Constitution, as well as corresponding sections of the Mississippi Constitution. Original jurisdiction over this action is founded upon 28 U.S.C. § 1331 and § 1343(3), and the previously mentioned statutory and constitutional provisions. The Plaintiff has suffered deprivation of certain Federal Constitutional rights, as applied to the States through the Due Process Clause of the 14th Amendment to the United States Constitution, which include, but are not limited to, the right to be free from the excessive use of force and the right to be free from deprivations of life and liberty that occur without due process of law. This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear and decide claims arising under State law which are set forth in this complaint. The State laws include, but are not limited to, excessive force.

6.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and 1393(a) as the Plaintiff and more than one Defendant reside in this District and all the claims asserted herein arose within this District.

7.     At all relevant times hereto Sheriff Tommy Waddell acted under color of state law and in his capacity as the duly elected Sheriff of Neshoba County, Mississippi, and by the authority granted unto him as a law enforcement officer of Neshoba County, Mississippi; further, in his official capacity, Sheriff Waddell also acted as the policy maker for the Neshoba County, Mississippi, Sheriff's Department and Neshoba County, Mississippi.

8.     The Defendant, Neshoba County, Mississippi, is charged under 42 U.S.C. § 1983 for engaging in a pattern or practice of allowing its respective officers to use excessive force, for failing to properly train its officers in the use of force, and for failing to supervise its officers, and for failing to discipline officers when other they utilized excessive force.

## FACTS

9.     On or about Tuesday, February 21, 2012, Plaintiff was a passenger in an alleged stolen vehicle that was being operated by his cousin, Cruse Allen Petty ("hereinafter, "Petty"), in Neshoba County, Mississippi. While traveling on MS 19, the two were initially approached by Deputy Jonathan Spears of the Neshoba County Sheriff's Department. Mr. Petty attempted to elude Spears, and the deputy gave chase. A chase ensued as the vehicles traveled southward, turning off MS 19 onto MS 15 heading toward Philadelphia, MS, where another patrol car containing deputies Coby Clay and Brad Winstead joined the pursuit. Initially only the two (2) Sheriff's Department vehicle were involved; however, upon being notified of the situation while off duty at his home, Sheriff Tommy Waddell took the initiative to get into his own patrol vehicle and joined in the pursuit.

10.    Once involved in the chase, Sheriff Waddell ordered Deputy Clay to utilize his patrol vehicle to perform the "PIT maneuver", meaning the patrol vehicle was to ram Petty's vehicle with the intent of forcing it off of the roadway. Deputies performed the "PIT maneuver" and Petty lost control of the vehicle as it exited the roadway. The car flipped over, coming to a

3

final rest facing southwest on the eastern side of the road. Neshoba County officers may use their vehicles to ram, bump, or make intentional contact with a suspect vehicle only when deadly force is justified. It was not appropriate to use deadly force in this situation.

11.     Deputies Spears, Clay and Winstead approached the crashed vehicle, together with Sheriff Waddell, whose service revolver was drawn, with intent upon apprehending the two occupants.  The officers verbally ordered Petty and Plaintiff to show their hands as they approached the vehicle, Deputy Clay at the driver's side and Sheriff Waddell at the passenger's side. Both complied with the officers' orders. The Plaintiff was seated in his vehicle with his hands up. Neither Petty or the Plaintiff were making any movements and were at all times complying with the officers' orders. Neither was armed. Sheriff Waddell then recklessly lunged through the broken out window on the passenger side with his gun cocked and loaded. And discharged his weapon striking the Plaintiff in his neck and causing serious bodily injury.

12. At the time of the shooting, Defendant Waddell was carrying a Glock 23 .40 caliber revolver. Upon information and belief, Defendant Waddell was trained on how to use the weapon and was familiar with its capabilities including the trigger pull which is 5.5 pounds.  The gun was inspected by the Mississippi Bureau of Investigation after the incident and was found to be in proper working order. Defendant Waddell gave a hand written statement about the shooting and never indicated that the weapon malfunctioned or otherwise discharged as a result of some force other than that applied by him.

13.     It was at first unknown who, if anyone, had been struck by the discharged bullet; however, it quickly became apparent that Plaintiff was the victim, having been struck in the neck by the bullet. Defendant Waddell first told the Mississippi Bureau interviewers that he was not aware that his gun discharged but later in a hand written statement he admitted he knew his gun went off.  Plaintiff was provided on scene emergency treatment and stabilized, and was flown

4

via EMS to the University of Mississippi Medical Center, located in Jackson, Mississippi where he received treatment for the gunshot wound to his neck, several broken/damaged vertebrae, and a broken shoulder. He remained in the hospital, and thereafter, the hospital's Rehabilitation Center, for an extensive period before being released. Plaintiff continues to suffer from the injuries he sustained from this reckless discharge of a firearm.

14. In committing the acts descried hereinabove, the Defendants deprived the Plaintiff of his rights, privileges, and immunities granted to him under both federal and state laws.

## FIRST CLAIM FOR RELIEF: § 1983

15. The allegations contained in the foregoing paragraphs are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

16. The Civil Rights Act of 1871, now codified as 42 U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

17. The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law", from the statute itself. Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

18. 42 U.S.C.S. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United

5

States. As such, Plaintiff alleges that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth Amendment rights and those rights, privileges and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions, *inter alia:*

    a)    by using excessive force and/or deadly force in the course of Defendants' attempted custody of Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore asserts that he was unlawfully shot. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; and

    b)    by failing to provide supervision and/or proper training, where the necessity of same was necessary, required by law, and/or needed.

19. Defendant Waddell's actions and/or omissions were not "objectively reasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of Defendant Waddell's actions. Plaintiff himself never posed an immediate threat to the safety of the Defendants or anyone else. For this reason, and others, it was objectively unreasonable for Defendant Waddell to approach the vehicle with his service revolver drawn and shoot the Plaintiff.

20. **§ 1983 – Excessive Force** Plaintiff pleads that Defendant Waddell authorized his deputies to use excessive force and/or deadly force in the course of the Plaitniff's arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Plaintiff, in violation of the Fourth Amendment and its "reasonableness" standard. Plaintiff therefore pleads that he was unlawfully assaulted first, when the vehicle was intentionally flipped by the deputies at the direction of Defendant Waddell, and secondly, when the Plaintiff was shot by Defendant

Waddell. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and to the excessiveness of which was objectively unreasonable.

21. Under § 1983, Defendant County is also liable for failing to supervise and/or failing to train, and/or acquiescence in unconstitutional behavior by subordinates. First, the Defendant County failed to properly train and failed to properly supervise its officers. Defendant County is liable under § 1983, as there is a causal connection between Defendant Waddell's actions and/or omissions and the alleged constitutional violations, as outlined throughout this entire pleading. In addition, Defendant County did not discipline Defendant Waddell for his conduct, thereby sanctioning his actions, amounting to a departmental policy that violated Plaintiff's civil rights. Defendant County's failure to supervise or train amounted to gross negligence or deliberate indifference.

22. It is also well-established that counties are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in compliance with their customs, practices, policies or procedures. A county is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, Defendant County is liable because it sanctioned the custom, practice and/or policy or procedures of, *inter alia*, 1) using excessive, and oftentimes deadly force, to effectuate what are otherwise routine arrests, 2) using deadly force when such is not necessary and/or allowable, 3) ignoring the serious need for training and supervision of their officers in regards to the use of force, 4) failing to discipline those persons whom are found to have engaged in the use of excessive force upon those entrusted to their care and/or under their control, 5) failing to adequately supervise and/or observe their employees and/or officers, and 6) failing to provide adequate training in regard to the availability of alternative means of detaining persons apart from the use of force and/or deadly force. Such policy and/or customs were the

"moving force" behind the constitutional violation (excessive force) exacted upon the Plaintiff and was the "cause in fact" of his injuries.

23.     These actions and/or inactions taken in this case were uncalled for and taken pursuant to the customary practices and/or policies or procedures that were sanctioned by Defendant County.  Liability for Defendant County is established under § 1983 because the "turn of a blind eye" approach to the use of excessive force is a persistent, widespread practice of the County employees- namely, Sheriff's deputies- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official policy.  Defendant County had actual or constructive knowledge of each practice, custom, and/or policy or procedure and numerous prior incidents of such conduct and/or inaction as to establish accession to that custom by the policy makers.  Defendant County's unspoken policies above reflect a decision that shows deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.  In the alternative, Defendant County is liable under § 1983 for failing to adopt clear policies outlining the criteria for determining the need for, the availability of and/or the means by which to use force.

24.     Moreover, Defendant County is liable for the inadequate training of their employees under § 1983.  Liability attaches to Defendant County because its failure to train amounts to deliberate indifference to the rights of the persons with whom deputies come into contact.

25.     Lastly, the County is liable because Defendant Waddell was acting in his official capacity as the Neshoba County Sheriff, a policy maker, when he ordered deputies to flip the car and when he shot the Plaintiff.  It is well know that counties can be liable for single instances of conduct perpetrated by the policymakers themselves; such one-time conduct can represent

official "policy" even though it does not necessarily form part of a plan or rule developed to govern all like occasions.

26. Plaintiff further alleges that Defendants, jointly and/or severally have violated his Fourth Amendment rights when he was unreasonably and unlawfully detained.

**SECOND CLAIM FOR RELIEF – Alternative Claim Under Mississippi Tort Claims Act**

27. The allegations contained in Paragraphs 15 through 26 herein are incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

28. As an alternative pleading, Plaintiff is entitled to recover damages in compensation for the bullet that struck him in his neck, pursuant to the Mississippi Tort Claims Act (hereinafter, "MTCA"), of the Mississippi Code, Ann. Defendant Waddell's actions of shooting the Plaintiff were in reckless disregard of the safety and well-being of the Plaintiff who at the time of the shooting was not engaged in criminal activity.

29. The shooting of the Plaintiff was brought about and caused to occur directly and proximately by the actions described hereinabove by the Defendant Waddell. Plaintiff hereby elects, pursuant to the MTCA, to proceed solely against Defendant County in regards to this claim. Such liability (based upon the actions and/or inactions of Defendant Waddell) of Defendant County is both direct and vicarious.

**DAMAGES**

30. As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiff has been caused to suffer such general and special damages which include, but are not limited to, the following: physical and emotional injury, pain and suffering, past, present and future severe emotional and mental distress, and past, present and future reasonable and necessary medical care and expenses.

31.     Plaintiff prays for compensatory and punitive damages from and against the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Joseph McCarthy, respectfully prays that upon a trial upon the merits, that he receive both compensatory and punitive damages of, from and against the Defendants, in an amount to be determined by this Court, payment of all medical care and expenses, past, present and future, all reasonable and necessary attorney's fees, court costs and expenses, pre and post judgment interest and any other such general and special relief to which he may prove entitled.

RESPECTFULLY SUBMITTED, THIS the 24th day of April, 2013.

JOSEPH MCCARTHY, PLAINTIFF

BY: /s/ Charles R. Mullins
CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 500
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-7097
***Attorney for Plaintiff, Joseph McCarthy***