IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSEPH MCCARTHY                                                       PLAINTIFF

VS.                                                       CIVIL ACTION NO. 4:13-cv-85-DPJ-FKB

SHERIFF TOMMY WADDELL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS SHERIFF
OF NESHOBA COUNTY, MISSISSIPPI; NESHOBA
COUNTY, MISSISSIPPI; AND JOHN DOES 1-100               DEFENDANTS

## SHERIFF TOMMY WADDELL'S MOTION FOR
## SUMMARY JUDGMENT PREMISED ON IMMUNITY

COMES NOW Defendant Sheriff Tommy Waddell, individually, by and through counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and files this his Motion for Summary Judgment Premised on Immunity, as follows:

1. Plaintiff filed suit on April 25, 2013 against Neshoba County and Sheriff Tommy Waddell, both individually and in his official capacity, alleging federal claims brought pursuant to 42 U.S.C. § 1983 and state law claims pursuant to the Mississippi Tort Claims Act ("MTCA"), MISS. CODE ANN. § 11-46-1, *et seq*.

2. Plaintiff alleges Sheriff Tommy Waddell used excessive force during a police pursuit by authorizing deputies to force the stolen vehicle in which he was an occupant from the roadway, causing the stolen vehicle to crash and resulting in personal injuries. *See* Docket No. [1]. Plaintiff also alleges that Sheriff Waddell used excessive force by shooting him while attempting to take him into custody after the stolen vehicle had come to a stop. *See Id*. Plaintiff alleges Sheriff Waddell and Neshoba County violated his Fourth, Fifth, and Eighth Amendment rights arising out of his seizure and apprehension. *See Id*. He also asserts a state law claim for reckless disregard against Neshoba County under the MTCA. *Id*.

3. To defeat qualified immunity in an excessive force claim, Plaintiff bears the burden to prove: "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012). Because there is no evidence that Sheriff Waddell's actions were clearly excessive and/or clearly unreasonable, he is entitled to qualified immunity as to Plaintiff's claims of excessive force regarding his decision to authorize deputies to force the stolen vehicle from the roadway.

4. Sheriff Waddell's service weapon accidentally discharged while attempting to take Plaintiff into custody after the stolen vehicle had come to a stop. This Defendant's actions in that regard *at most* constitute negligence. Because negligent conduct is insufficient to state a claim under § 1983, Plaintiff's Section 1983 claim against this Defendant regarding his accidental shooting of Plaintiff fails as a matter of law. *See, e.g., Checki v. Webb*, 785 F.2d 534, 538 (5th Cir. 1986).

5. Further, Plaintiff has failed to state a valid claim against this Defendant under the Fifth or Eighth amendments, as all claims alleging the use of excessive force by law enforcement officers in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. *Graham v. Connor*, 490 U.S. 386, 394 (U.S. 1989). The Fifth Amendment applies only to violations by a federal actor, and the Eighth Amendment only protects convicted inmates. Neither of those provisions are applicable here.

6. The Plaintiff's state law claims against this Defendant, if any, are barred by the Mississippi Tort Claims Act, as codified at MISS. CODE ANN. § 11-46-1, *et seq*. To the extent that Plaintiff's state law claims against this Defendant allege that he was acting within the course and

scope of his employment, Sheriff Waddell is entitled to dismissal with prejudice in his individual capacity. MISS. CODE ANN. § 11-46-7(2).

7. Based on the legal precedent and analysis presented in this Defendant's accompanying Memorandum of Authorities, Sheriff Tommy Waddell respectfully requests that this Court grant his Motion for Summary Judgment, and dismiss Plaintiff's action against him, individually, with prejudice.

8. In support of his Motion for Summary Judgment, this Defendant relies upon the following exhibits, which are attached hereto:

"A"  Mississippi Bureau of Investigation Report;

"B"  Incident/Offense Report;

"C"  Affidavit of Sheriff Tommy Waddell;

"D"  Cruise Petty Judgment on Guilty Plea; and

"E"  Joseph McCarthy Judgment on Guilty Plea.

WHEREFORE, PREMISES CONSIDERED, Defendant Sheriff Tommy Waddell respectfully requests the Court grant his Motion for Summary Judgment, and that all of Plaintiff's claims against him, individually, be dismissed. This Defendant further prays for any additional relief the Court deems appropriate.

Respectfully submitted, this the 20th day of September, 2013.

SHERIFF TOMMY WADDELL, INDIVIDUALLY

BY: */s/ Steven J. Griffin*
     OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Charles R. Mullins, Esq.
>Coxwell & Associates, PLLC
>P. O. Box 1337
>Jackson, MS 39215-1337

This the 20th day of September, 2013.

/s/ Steven J. Griffin